UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAYLER GRUBB and JOSEPH MARRERO, on their own behalf and on behalf of a class of those similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:26-cv-1460-JPH-TAB |
| MONROE COUNTY COUNCIL, MONROE COUNTY COMMISSIONERS, in their official capacities; MONROE COUNTY SHERIFF, in his official capacity, | ) | |
| Defendants. | ) | |

**CASE MANAGEMENT PLAN**

## I. <u>Parties and Representatives</u>

*Plaintiffs:*

Tayler Grubb, Joseph Marrero and a putative class of those similarly situated.

Kenneth J. Falk, Joshua T. Bleisch, ACLU of Indiana, 1031 E. Washington St., Indianapolis, IN 46202, 317/635-4059, fax: 317/635-4105, kfalk@aclu-in.org, jbleisch@aclu-in.org

*Defendants:*

a. Monroe County Sheriff and Monroe County Commissioners

Pamela G. Schneeman, CLARK JOHNSON & KNIGHT, LTD., 11590 N. Meridian St., Suite 650, Carmel, IN 46032, 317/844-3830, pschneeman@cjklaw.com

b. Monroe County Council

Libby Y. Goodknight, KRIEG DeVAULT LLP, One Indiana Square, Suite 2800, Indianapolis, IN 46204, 317/238-6315, fax: 317/636-1507, lgoodknight@kdlegal.com

Rachel J. Guin, KRIEG DeVAULT LLP, 505 E. Washington Blvd., Fort Wayne, IN 46802, 260/422-9456, fax: 260/422-1622, rguin@kdlegal.com

## II. Jurisdiction and Statement of Claims

A. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as plaintiffs' claim a violation of their Eighth and Fourteenth Amendment rights.

B. Plaintiffs' synopsis: The conditions of the Monroe County Jail violate the Fourteenth Amendment to the Constitution as applied to pre-trial detainees and the Eighth Amendment to the Constitution as applied to convicted prisoners.

C. Monroe County Sheriff's and Monroe County Commissioners' synopsis: The Sheriff and the Commissioners agree with the Plaintiffs that the Monroe County Correctional Center ("MCCC"): (1) is an aging facility that has exceeded both its structural and functional life expectancy; (2) has a multi-story/linear design which is staff-intensive and imposes significant operational challenges; and (3) does not have a sufficient number of permanent beds to meet the County's current and projected future needs. They also agree with the Plaintiffs that building a new jail, as opposed to renovating and/or expanding the MCCC, is the only prudent and fiscally responsible solution. They do not concede the alleged constitutional violations.

D. Monroe County Council's synopsis: The Monroe County Council ("Council") acknowledge that the Monroe County Jail, in its current condition, is inadequate. The Council further acknowledges that there are times when the Monroe County Jail does not have a permanently installed bed for every inmate in the jail. However, the Council denies the alleged constitutional violations. Moreover, the Council maintains that there are more prudent and fiscally responsible solutions to the Monroe County Commissioners' proposal to purchase land known as the North Park site for the construction of a new jail. These alternative solutions also take into account the best interests of current and future inmates long-term.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before September 10, 2026

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before September 17, 2026

C. Defendant(s) shall file preliminary witness and exhibit lists on or before September 21, 2026.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before October 13, 2026.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before October 13, 2026. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response by October 28, 2026.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 10, 2027. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 14, 2027.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before July 12, 2027. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before July 10, 2027. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

Plaintiffs anticipate seeking discovery concerning, among other things, the conditions of the Monroe County Jail; the capacity of the Jail; what occurs when the capacity is exceeded; the population of the Jail; problems with managing the population of the Jail; problems with the physical plant of the Jail; problems and dangers inherent in the current Jail given its structure, population, and age; and plans to remedy the existing problems at the Jail.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? YES If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiffs: Plaintiffs believe that discovery will disclose that there are no factual disputes concerning the conditions in the Jail and that the Jail facility is outdated, overcrowded, and dangerous and needs to be replaced and the conditions in the Jail violate the constitutional rights of those detained there.

B. On or before February 17, 2027, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

**X** Track 2: Dispositive motions are expected and shall be filed by March 10, 2027; non-expert witness discovery and discovery relating to liability issues shall be completed by February 10, 2027; expert witness discovery and discovery relating to damages shall be completed by June 18, 2027.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V. Pre-Trial/Settlement Conferences

---

receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. Due to the long history concerning unsuccessful attempts to negotiate a resolution of the problems at the Monroe County Jail, the plaintiffs do not believe that a settlement conference would be useful in this case. The parties agree to notify the Magistrate Judge's Chambers if that changes.

## VI. Trial Date

The parties request a trial date in October of 2027. The trial is by the Court and is anticipated to take three days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

Plaintiffs have sought to certify this case as a class action and the defendants have acceded to this request. A ruling on the motion has not yet been issued.

Kenneth J. Falk
Joshua T. Bleisch
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
jbleisch@aclu-in.org

Attorneys for Plaintiffs and the Putative Class

s/ *Pamela G. Schneeman*
(with permission)
Pamela G. Schneeman
CLARK JOHNSON & KNIGHT, LTD.
11590 N. Meridian St.
Suite 650
Carmel, IN 46032
317/844-3830
pschneeman@cjklaw.com

Attorney for Monroe County Sheriff and Monroe County Commissioners

/s/ *Libby Y. Goodknight*
(with permission)
Libby Y. Goodknight
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204
317/238-6315
fax: 317/636-1507
lgoodknight@kdlegal.com

Rachel J. Guin
KRIEG DeVAULT LLP
505 E. Washington Blvd.
Fort Wayne, IN 46802
260/422-9456
fax: 260/422-1622
rguin@kdlegal.com

Attorneys for Monroe County Counsel

******************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON __________ FOR A PRETRIAL/STATUS CONFERENCE. |
| ✓ | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR ___________________AT ________.M. BEFORE MAGISTRATE JUDGE _____________. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR ___________________AT ________.M. COUNSEL SHALL APPEAR:<br>____________ IN PERSON IN ROOM _______; OR<br>____________ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br>____________ BY VIDEO, LINK TO BE PROVIDED BY SEPARATE ORDER |
| ✓ | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY FEBRUARY 10, 2027 |
| ✓ | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN MARCH 10, 2027 |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 9/2/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email